```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANNABELLE ROSS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 08-4236 (JBS-AMD) |
| STATEN ISLAND YACHT SALES, INC., et. al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mark Pfeffer, Esq.
GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL
1030 Atlantic Avenue
Atlantic City, NJ 08401
    Counsel for Plaintiff

Dante C. Rohr, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
    Counsel for Defendant

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter is before the Court on Defendant Staten Island Yacht's motion for summary judgment [Docket Item 49].  Plaintiff Annabelle Ross, who slipped and fell on cleaning fluid, has sued Defendant for negligence.  Defendant contends that it is not responsible for the acts of its independent contractor.  For the

reasons discussed below involving Defendant's control of the independent contractor, Defendant's motion for summary judgment will be denied.

## II.  BACKGROUND

The Atlantic City Convention Center is managed and operated by an entity known as SMG.  In January 2007, SMG held the Atlantic City Power Boat Show.  Defendant Staten Island Yacht was an exhibitor at the Boat Show and had two booths at the event where it displayed its boats.  (Greco Dep. 16:1-2.)  On January 30, 2007, Michael Greco, Staten Island Yacht's customer service manager, was in the Center, preparing the boats for the Show.  Staten Island Yacht had hired Scotty's Auto Spa to clean the boats as part of its preparations, and Greco oversaw the work of Scotty's employees.  (Greco Dep. 17:6-22.)

Plaintiff Annabelle Ross is a part-time employee at the Center.  In preparation for the Boat Show, Plaintiff was laying carpet in the Center.  After laying carpet between some display booths in one area of the Center, she and her crew proceeded to the next aisle, which was adjacent to the booth maintained by Defendant.  Since forklifts and other vehicles were coming down that aisle, it had not been carpeted yet.  While walking along the aisle Plaintiff slipped and fell, injuring herself.  (Ross Dep. 58:20-60:7.)

2

Yvonne Washington, a co-employee working with Plaintiff, saw the wet spot that Plaintiff slipped on. (Washington Aff. ¶ 3.) Ms. Washington avers that she knew that the liquid was cleaning fluid, not water, since she got some of it on her hand and it was slippery. (Id. ¶ 7.)[1] Ms. Washington also witnessed a few men in Defendant's booth cleaning one of the boats by spraying it with cleaning fluid. (Id.) Ms. Washington noted that she saw the fluid getting all over the floor and spilling into the aisle next to Defendant's boat. (Id.) There is no evidence that Greco or the employees of Scotty's took any precautions to prevent a spill of cleaning fluids from flowing to the adjacent aisle. And if Greco or the employees of Scotty's were aware of a spill, none of them provided SMG with notice that a spill took place.[2]

Plaintiff sued Defendant, as well as several other parties, in New Jersey state court for injuries that she suffered as a result of the fall. Defendants removed the case to this Court.

There are two possible theories of duty in this negligence case: a duty based on having created the dangerous condition and

---

[1] The Atlantic City Convention Center Incident Report also indicated that Plaintiff had, in fact, slipped on some fluid on the floor "due to Boat Maintenance" and the Vista Convention Services Incident Report revealed that Plaintiff slipped on "a slippery solvent on the concrete floor." (Ctr. Incident Report, Jan. 30, 2007; Vista Incident Report, Jan. 30, 2007.)

[2] While SMG had on-site workers ready to clean up a spill of fluids in the aisles, a representative from SMG testified that they would only do so if they were made aware of such an instance. (Beirne Dep. 19:6-14.)

a duty based on the location of that condition.  Defendant's motion initially focused on the second possible duty, but Plaintiff's opposition makes clear that Plaintiff is proceeding under the first theory.  Plaintiff's counsel writes, "Plaintiff does not base her claim upon a 'premises liability' theory alleging a general duty to maintain the common aisle, but rather upon the negligent manner in which the defendant carried out its voluntarily assumed task of cleaning the boats, thereby causing injury to the Plaintiff."  (Pl.'s Opp. Br. 5.)

The Court must therefore assess whether there is evidence that Defendant's contractor, Scotty's Auto Spa, created the hazard, and determine whether Defendant Staten Island Yacht had an obligation to prevent the negligence of its contractor.

**III. DISCUSSION**

    **A.   Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to

support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); <u>United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993).  However, the court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999).  Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1)(B); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and New Jersey law provides the rule of decision.

### B. Analysis

There is evidence in the record to suggest that the spill upon which Plaintiff slipped was cleaning fluid which spilled into the aisle as a result of Scotty's washing of Defendant's boats.  (<u>See</u> Washington Aff. ¶ 7.)  Defendant does not dispute that if Plaintiff slipped on cleaning fluid spilled by Scotty's, and Scotty's failed to take any precautions against such a foreseeable injury, that this may constitute negligence on the part of Scotty's.  But Defendant argues that this liability cannot be imputed to Staten Island Yacht because, generally, a

party who retains an independent contractor will not be held liable for the negligent conduct of that independent contractor. See Basil v. Wolf, 935 A.2d 1154, 1169 (N.J. 2007).

However, there is an exception to the independent contractor rule: liability may be imputed to one who hires an independent contractor if the hiring party retains control over the manner and means of doing the work subject to the contract. Basil, 935 A.2d at 1171. While the hiring party must do more than simply ensure that the results comply with what he requested of the contractor in order to be held liable, Marion v. Pub. Serv. Elec. & Gas Co., 178 A.2d 57, 60-61 (N.J. Super. Ct. App. Div. 1962), the hiring party may become liable by supervising the work and retaining the ability to direct the work:

> [W]hen a principal contractor entrusts a part of the work to subcontractors, but himself or through a foreman superintends the entire job[,] . . . the principal contractor is subject to liability if he fails to prevent the subcontractors from doing even the details of the work in a way unreasonably dangerous to others, if he knows or by the exercise of reasonable care should know that the subcontractors' work is being so done, and has the opportunity to prevent it by exercising the power of control which he has retained in himself.

Machado v. Gold's Gym & Aerobic Fitness Complex of Princeton, 2008 WL 2445100, at *5 (N.J. Super. Ct. App. Div. June 19, 2008) (quoting Restatement (Second) of Torts § 414 cmt. b (1965)); see also Wolczak v. Nat'l. Elec. Prod. Corp., 168 A.2d 412, 415 (N.J.

6

Super. Ct. App. Div. 1961) ("[H]is supervision of or active participation in the manner of work of the subcontractor may result in the imposition of a broader duty of care."). When the hiring party's employee is physically present and supervises the work of the contractor in this way and retains the ability to direct the work, the hiring party is responsible "for the negligence of the independent contractor even though the particular control exercised and its manner of exercise had no causal relationship with the hazard that led to the injury." Mavrikidis v. Petullo, 707 A.2d 977, 985 (N.J. 1998) (quoting Bergquist v. Penterman, 134 A.2d 20, 26 (N.J. Super. Ct. App. Div. 1957), cert. denied, 134 A.2d 832 (N.J. 1957)).

In this case, Greco testified in his deposition that he watched Scotty's performing its work, including observing the exterior washing of the boats (Greco Dep. 17:6-22). So the question is whether Greco retained the ability to direct Scotty's to perform their job differently.

On the somewhat sparse record of this case, there is a genuine dispute of material fact as to whether Greco retained such control. Ordinarily, control is inferred by the actual exercise of such control, which is absent here. But actual exercise of control is not necessary to show that a hiring party retained the power to exercise it. See Lesniewski v. W.B. Furze Corp., 705 A.2d 1243, 1248 (N.J. Super. Ct. App. Div. 1998) ("The

7

right of control is more determinative than the actual exercise of control."); <u>Tofani v. Lo Biondo Bros. Motor Exp., Inc.</u>, 200 A.2d 493, 498-99 (N.J. Super. Ct. App. Div. 1964).  Taking all the circumstantial evidence and inferences in favor of Plaintiff, a reasonable fact-finder could conclude that Greco retained the ability to ask Scotty's to take reasonable precautions when cleaning Defendant's boats to prevent a spill of the slippery cleaning fluids.

For this Court to find otherwise it would have to conclude that the Scotty's employees would have the power to reject such a suggestion as interfering with their exclusive control over the manner and means of their work.  It is often the case that an independent contractor is hired to perform some kind of specialized task for which the contractor's expertise is needed to determine how best to perform it — such as digging trenches or building scaffolding — and the contractor therefore has exclusive control over how to perform its work.  <u>See, e.g.</u>, <u>Slack v. Whalen</u>, 742 A.2d 1017, 1021 (N.J. Super. Ct. App. Div. 2000) (noting that contractor's decision about how to give workers access to ceiling was within contractor's expertise and not subject to control of hiring party).  But this is not the case when a party is merely hired to clean a boat.  On the contrary, it seems quite likely that preventing Scotty's from spilling cleaning fluids on the floor of the booth by placing drop cloths

or taking other reasonable measures was within the power of Greco who was tasked with preparing the booth for presentation to customers.

A reasonable jury could infer that Greco saw the Scotty's employees perform the cleaning without taking any precautions against spills and find that Greco retained the power to instruct Scotty's employees to keep the floor of the booth dry, place warning cones, or otherwise take any reasonable precautions against the harm caused to passersby who might slip on the cleaning fluids — a common and foreseeable occurrence.  New Jersey law does not allow for a supervisor, who retains the power to intervene, to sit idly by and watch a contractor perform negligently.  A jury could conclude otherwise, of course, and find that Greco did not retain such control, but on this motion for summary judgment the possibility of a favorable outcome for the non-movant is grounds for denial.

**IV.  CONCLUSION**

Defendant's motion for summary judgment will be denied because there is evidence in the record from which a reasonable jury could find that Greco, Defendant Staten Island Yacht's agent, exercised control over the work done by Scotty's, and that the negligent work of Scotty's caused Plaintiff's injury.  A jury

must decide this genuine dispute of material fact.  The accompanying Order will be entered.


**December 9, 2010**                    **s/ Jerome B. Simandle**
Date:                                   JEROME B. SIMANDLE
                                        United States District Judge